Roth *v.* Schloss.

SAME TERM. *Before the same Justices.*

ROTH *vs.* SCHLOSS.

The denial of a motion to amend, where the law reposes a discretion in the judge, is not an appropriate ground of exception.

To sustain an exception for a refusal of the judge, at the trial, to allow an amendment of the complaint, the party must show a clear case of unquestionable right.

Money paid in satisfaction of a valid judgment, which stands unreversed, can not be recovered back, on the ground that the execution issued upon the judgment, by virtue of which the defendant's goods were seized, was irregularly issued; both parties at the time supposing it to be regular.

After a judgment has been recovered in a court of common pleas, and an execution issued to another county and levied upon the defendant's property there, without the filing of a transcript or the docketing of the judgment in that county, the court in which the judgment was recovered has power to order a transcript to be filed, and the judgment to be docketed, in the county where the defendant's property was seized, *nunc pro tunc.*

Such a defect in an execution is amendable, and the execution will stand good, and afford a justification to the sheriff, until it is set aside by a court of competent jurisdiction.

MOTION for a new trial. The plaintiff brought an action under the code of procedure, as the assignee of a certain demand against the defendant, which arose under the following circumstances. The defendant, several years since, recovered a judgment in the Albany common pleas against Adam Warner and Francis Schneider. On or about the 13th day of May, 1848, a

Roth *v.* Schloss.

fieri facias was issued on the said judgment to the sheriff of Madison county, who levied on property of Warner and Schneider; and those persons thereupon paid to the sheriff the debt and sheriff's fees, amounting in all to $400. No transcript of this judgment had been filed, nor had the judgment been docketed in the county of Madison. The plaintiff supposing that this omission entitled the defendants in that judgment to recover back the money they had paid, procured an assignment of the claim to be made to himself, and then brought this action.

The plaintiff's counsel opened the cause to the court and jury upon the trial, by stating the facts as they appeared in the pleadings, and was about to proceed with his evidence, when the defendant's counsel moved for a nonsuit, upon the ground that, by his own showing, the plaintiff's assignors had only paid a valid and legal judgment, and therefore the money could not be recovered back. The plaintiff's counsel then offered to prove, in addition to the facts before stated, that the money was paid "in mistake and misconception of the facts, supposing the execution to be a legal and valid process." This offer was objected to, among other grounds, for the reason that there was no such allegation in the complaint; whereupon the plaintiff's counsel proposed to give the evidence, and to amend under the 145th and 146th sections of the code of 1848. This motion and offer were overruled. The counsel then moved to amend under the 149th section, which motion was also denied, and those rulings of the court form the ground of the first exception. The plaintiff, upon a case, moved for a new trial.

*W. Hunter,* for the plaintiff.

*C. P. Kirkland,* for the defendant.

*By the Court,* GRIDLEY, J. I. The question of amendment did not arise under the 145th and 146th sections of the code. There was no *variance* in the case. There was an omission in the complaint of the entire allegation offered to be proved. It was therefore a case under the 149th section, and the motion

Roth *v.* Schloss.

should not have been granted unless it had clearly appeared that to grant it would be "*in furtherance of justice.*" If it be admitted that the fact offered to be proved was material for the plaintiff to establish, then that fact might be controverted by the defendant, which would require an amendment of the answer, and very likely, upon that new issue it would be material to produce witnesses who were not then in attendance at the court. At all events the defendant should have an opportunity to answer the application to amend. This opportunity he could not have at the circuit, for he was not there. The application therefore was properly denied. But we do not think that the denial of a motion to amend, where the law reposes a *discretion in the judge,* is an appropriate ground of exception. To sustain an exception for a refusal of the judge at the trial to allow an amendment of the complaint, the party must show a clear case of unquestionable right; and that can seldom occur except when the question arises under the 145th section. The decision in such a case is nothing more nor less than a decision upon a special motion informally made upon the trial.

II. The next question is whether the plaintiff was entitled to recover, at all; or, in any event, more than the sheriff's fees. If the execution was absolutely void, then it was conceded on the trial that he would be entitled to recover the sheriff's fees ; and the ruling at the circuit was upon the assumption, most favorable to the plaintiff, that the execution was void. We are of the opinion that assuming that ·the execution was void, the decision at the circuit was right. (1.) In order to arrive at a correct conclusion upon this point, it is necessary to inquire what facts appear from the pleadings. One of the general rules of pleading established by the code of procedure provides that any material allegation in the complaint not specifically controverted in the answer, and any material allegation in the answer not specifically controverted in the reply, shall be taken as true. (*Laws of* 1848, *p.* 525, § 144.) Applying this rule to the pleadings in this cause, it will be found that the following allegations of fact are admitted—1st. That the transcript of the judgment in the Albany common pleas was, before the issuing of the ex-

Roth *v.* Schloss.

ecution, duly mailed to the clerk of Madison county to be filed, &c. 2d. That the officer who made the order setting aside the execution had no jurisdiction to entertain the motion, or to make the order. 3d. That the money was paid by the defendants in the judgment in *satisfaction of the said judgment.* These averments are found in the answer, and are not controverted in the reply, and are therefore admitted. (2.) Another question discussed upon the argument was, whether the action should be considered as sounding in tort, or be regarded in the nature of an action for money paid, or had and received. The forms of actions are abolished; and so far as the rights of parties depend upon the form of the action, there may sometimes be a difficulty not foreseen nor provided for by the legislature. In this case, however, we think the action clearly sounds in contract. If, under the old system, the action had been trespass, for the unlawful seizure of the goods on the execution, the plaintiff would have recovered the full value of the goods, however inequitable that might have been. But even then, if the goods had been restored to and received by the party, as they were in this case, then the recovery would only be for the actual damages occasioned by the seizure. The plaintiff has not so framed his complaint as to make the unlawful seizure the gist of the action. Nor has he alledged any fact that characterizes an action of tort. He has sued to recover the money paid. He sought to prove that he paid it by mistake. He made a demand of the money before the suit was commenced. And he demands at the close of his complaint the sum that was paid, with interest from the day of payment. It is quite clear, therefore, that we must regard this action as brought upon the equitable facts of the case, and as a substitute for the old action for money paid, and money had and received to the use of the plaintiff.

The question then arises, whether money *paid in satisfaction of a valid judgment,* which stands unreversed, can be recovered back, because the execution by which the goods were seized was irregularly issued, both parties at the time supposing it to be regular. We think it cannot. Blackstone says, (3 *Bl.*

Roth *v.* Schloss.

*Com.* 163,) "this action is a very extensive and beneficial rem-
edy, applicable to almost every case where a person has received
money which *ex æquo et bono* he ought to refund." Again, it
must be a case in which "the money received by the defendant
ought, *ex æquo et bono,* to be deemed as belonging to him."
(*Doug.* 138.) Again, "the defendant may go into every equi-
table defense which shows that the plaintiff, *ex æquo et bono,*
is not entitled to the whole or any part of the demand." (2
*Burr.* 1010.) No case has been cited which furnishes a prece-
dent for this action, in a case where the judgment on which the
money was received was valid and remained unreversed. In
fine, the admission in the pleadings that the money was paid
"*in satisfaction of the judgment,*" puts the question at rest.

III. The plaintiff was rightly nonsuited, for another reason.
A statute, which was overlooked by the counsel, both on the trial
and on the argument of the cause, removes the last vestige of
the plaintiff's ground of action. By the 7th section of the act
in question, (*Laws of* 1844, *p.* 92, § 7,) power is given to the su-
preme court, and also to the courts of common pleas, to direct the
amending and correcting of the dockets of judgments in other
counties, and to direct the docketing of judgments *nunc pro tunc*
with the clerks of other counties ; and it is provided also that
they shall possess the same powers over the dockets of their judg-
ments in other counties as when docketed with their own clerks.
By virtue of this provision, therefore, the county court has, or
the county court of the county of Albany had, full power to or-
der the transcript to be filed and the judgment docketed in the
county of Madison *nunc pro tunc.* The defect was *amendable,*
and therefore the execution stands good until it be set aside by
a court of competent jurisdiction. And whenever a motion to
set the same aside shall be made, the amendment will doubtless
be allowed and the motion denied. The regularity of the execu-
tion can not be questioned in this suit, or in any other collateral
proceeding. The execution was a full justification to the sher-
iff for the seizure of the goods, and would have been so held in
an action of trespass brought directly against him. (*See* 3 *Caines,*

267; 11 *Wend.* 31, 32; 4 *Cowen,* 550; 4 *Denio,* 243; 3 *Cowen,* 39, 42.) The action is therefore left without the shadow of a foundation to rest upon.

Motion for new trial denied.

WASHINGTON GENERAL TERM, May, 1848.     *Cady, Willard,*
*and Hand,* Justices.