By the Court. Hoffman, J.
The first oojection relates to the form of the pleading. It is, that the complaint does not contain facts sufficient to constitute a cause of action, inasmuch as by the conditions of the policy it is provided that camphene, spirit gas, or burning fluid, when used in stores or warehouses, as a light, subjects the goods therein to an additional’ charge of ten cents per one hundred dollars, and the premium for such use must be endorsed in writing on the policy; and the complaint contains no averment that camphene, spirit gas, or burning fluid, or either of them, were not used as a light in the store or warehouse mentioned in the said policy of insurance, *487 or if used, that the premium for such use was endorsed in writing on such policy.
The defendant moved to dismiss the complaint for this alleged defect, and the motion was denied.
We are of opinion, that there was no error in the denial, whether the case is considered under the old rules of pleading, or under the Code.
The complaint has been framed under the precedent in Chitty’s Pleadings (vol. 2, p. 536). It contains several averments of a negative character, as that the fire did not take place by'means of any invasion, or riot; and Mr. Ellis, in his treatise on fire insurance (Law Library, vol. 4, p. 91), states, that such averments in a declaration are necessary, whether the action is covenant upon a policy under seal, or assumpsit upon one without a seal.
But, in the first place, we consider that such averments contain an anomalous principle in pleading, by introducing allegations which it would be unnecessary to prove. We presume the proffer of evidence, to show that a fire occurred when there was no invasion, would be regarded as frivolous ; we are not inclined to go further than precedents compel us.
In the next place there is a marked distinction between the averments in the precedents, and the averment that camphene was not used, insisted. upon as necessary in the present case. In those instances the negation is of matters which, if they existed, would show, that there was no subsisting contract at all, or not such a contract as the plaintiff claims upon. Thus, if the loss occurred during an invasion, the contract became annulled; if the policy was made after another insurance upon the property, not mentioned in, or endorsed upon it, the insurance was void from the beginning; and so, if another insurance was made previously, or subsequently, with notice, the company was only responsible for a pro rata amount.
In all these cases, the negative allegations are used to make perfect the affirmative proposition of a subsisting contract, within the express conditions of the instrument. They deny the existence of any matter which the instrument itself declares has rendered, or will render it inoperative or qualified.
*488 The clause in question is distinct from all others in the policy, or memorandum, and is of a peculiar nature.
It is not within the enumeration of trades or business, termed in the memorandum of special rates, as hazardous, or extra hazardous. It is not like gunpowder or saltpetre, expressly prohibited. It is as follows:—“ Camphene, spirit gas, or burning fluid, when used in stores and warehouses as a light, subjects the goods therein to an additional charge of ten cents per one hundred dollars, and premium for such use must be endorsed in writing on the policy.” v
We are not at liberty to substitute the word permission for the word premium in this instrument, although it is highly probable the former word was intended. It cannot be doubted that, if such additional premium has, at any time, been accepted by the assurers, the policy would have remained in force, even if it had been omitted to be endorsed (Newcastle Fire Office v. Morran, 3 Dorr. 255).
The case of Meade v. The N. W. Ins. Co., in the Court of Appeals, a statement of which is found in Mr. Selden’s Notes, does not, in the first place, contain an express decision; but, in the next place, it is stated, that the clause required expressly the permission of the assurers for the use of spirit gas.
We are of opinion, that there is nothing in the policy which makes the non-user of camphene such an absolute condition or provision, as that the contract cannot be treated as apparently perfect, or sufficiently stated, without an averment denying its having been used.
But, if the view above taken should be erroneous, we consider, next, that the complaint is fully sustained by the rules of pleading established in the Code. The object of the Legislature, in abolishing previous forms of pleading and substituting a complaint, “ to set out the facts constituting the cause of action in ordinary language,” is, probably, as well attained by pursuing the frame of the stating part of a bill in chancery, as in any other mode (Fay v. Grimsted, 10 Barbour, 328). Until the disuse of special replications led to the employment of what was termed the charging part in a bill, nothing could he more simple or logical than the construction of such a pleading.
*489 It may be laid down as a settled rule that, in such stating part, it would be requisite to allege every affirmative proposition which it would be necessary to prove, in order to establish a right of action and show a ground of relief, and to state nothing more (Willis’s Equity Pleading, 19). If a bill were filed in case of a lost policy (as might at any rate have been formerly done), the making of the policy, and setting out an alleged copy fully, or annexing it—with a statement of the fact and mode of loss, to show that the policy covered it, and of the extent of damage, would be all that would be necessary: a violation of any condition of the policy, however absolute, would be left to the defence.
It is a striking fact, that the forms in the old work called Praxis Almas Curias (vol. 1, page 170), omitting, of course, those parts which perform the office of an examination of the defendant, are excellent guides under our present system.
On both grounds, we consider the complaint to be properly framed (Vide Mann v. Morevoort, 5 Sand. S. C. Rep., p. 565, 566; and Catlin v. Gunter, 1 Duer, 266).
The next objection raised by the bill of exceptions is, that the Chief Justice denied a motion made at the trial, for liberty to strike out the admissions of liability contained in the answer and to insert an averment, that the plaintiff had used camphene, or spirit gas, as a means of light, in the building.
After the decision of this court in Brown v. McCure (5 Sandford, 224), and of the Supreme Court in Ruth v. Schloss (6 Barbour, 308), it cannot be questioned, that such an application, at such a time, is not of absolute right, but addressed to the discretion of the judge. His decision upon such application is not properly appealable. But, if it were so, we should, without hesitation, affirm it. To allow an amendment in the progress of a trial, which annuls a formal admission on the record, and substitutes a defence altogether new, and which the plaintiff had a right to consider could never be set up, would transcend any looseness of proceeding we are yet apprised of (Vide Catlin v. Hansen, 1 Duer, 327, Opinion of Bosworth, J.). We do not mean to say, that if a fraud was first discovered on the eve of, or during a trial, tins course *490 might not be pursued. We leave such a case to he decided when it arises.
The last objection is, that the judge erred, in excluding the answer of the witness Runyan to the fourth cross-interrogatory.
There is no ground for the proposition, that the cross-interrogatory was warranted by the fourth direct interrogatory. That only. required an answer as to the facts, whether a fire did occur at the time alleged ; whether the goods were destroyed, or damaged; how the fire happened; and whether by means of invasion or not.
The cross-interrogatory calls for an answer to ■ the question, whether camphene or burning fluid was used for the purpose of lighting the store at night. The matters of inquiry are wholly distinct, and the one question has not let in the other. The judge rejected only the answer to this clause.
The point is then reduced to this—Whether the statement oí a witness upon a commission, in answer to an unwarranted question, irrelevant to the whole case made on the pleadings, and inconsistent with the admission on the record of the party obtaining the response, is admissible. We regard the decision rejecting it as clearly correct.
The conclusion is, that the appeal must he dismissed, and the judgment he affirmed, with costs.