By the Court. Woodruff, J.—
The defendants wholly failed to prove, that there was any special agreement between the defendants and the payee, restricting the use of the note to any particular purpose, or restraining her in any wise as to the manner in which, or the persons to whom, it should be negotiated. And having given no evidence, that there was any usurious agreement, under which it was negotiated, no part of the second or third defences was proved, saVe, only, that the note was made, without consideration received by the defendants,, for the accommodation of the payee, and that it was transferred to the plaintiffs, as collateral security, for moneys previously loaned by the plaintiffs to such payee. In the endeavor to prove, that it was transferred, as such collateral security, the defendants also proved, that, although given as such security, the plaintiffs, in consideration thereof surrendered to the payee other securities theretofore held for the same indebtedness. This was clearly a parting with value, upon the faith of the note in suit; and if giving value was necessary, to entitle the plaintiffs to retain the note, as such security, and recover thereon, it was sufficient. The surrender of securities is giving a valuable consideration, as truly, as the giving of money on the faith of the note.
In this respect, we say, unhesitatingly, that the charge of the . Judge to the jury was correct, and had the ease been submitted to the jury, upon this point alone, the second and third defences must have failed; for the evidence, to the effect stated, was wholly *253 uncontradicted, and we. see nothing in the case to warrant the jury in disregarding, or even doubting it.
Besides this, the proof was, in like manner, clear and uncontradicted, that the plaintiffs took the note, in reliance upon the representation of the defendants, that the note was a business note. The plaintiffs had a right to rely upon that representation, and to deal with the note, in all respects, as if such representation was true; and if the title, which was either admitted in the pleadings, or proved on the trial, was such as would have entitled the plaintiffs to recover, had the note been given for value received, the plaintiffs were clearly entitled to recover here.* And we think the Judge would have ruled correctly, if,, upon proof, that the note was received and collateral securities surrendered, in reliance on the truth of such a representation, the evidence, that the note was. an accommodation note, should, so far as the right of recovery was concerned, be wholly disregarded. If the defendants had a right to give such evidence at all, in the face of their representation, it was only to restrict the recovery to the sum for which the plaintiffs held it as security; and even that may be doubtful (Gram v. Hendricks, 7 Wend. 569.)
Under such circumstances, we think it was not necessary, for the purposes of this case, to consider the question; whether the transfer, by the payee, of an accommodation note, as security for an antecedent debt, without fraud, and before the maturity of the note, gives title. We are, nevertheless; equally clear,, that the charge was correct, on this point also.
We regard it as fully settled, that, where, a note is made for the accommodation of a payee, and delivered without any restriction or limitation of his authority to use it, he may appropriate it to such uses, (being themselves legal,) as his convenience- or pleasure may dictate; and the holder is not bound to prove, that' he parted with value, as the consideration of the transfer to himself.. He may recover thereon, although he received it in payment of a preexisting debt, or received it as collateral security for such an indebtedness. Indeed, mere proof, that a note is an accommodation note, is not sufficient to cast upon an endorsee the burden of showing, upon what consideration he did receive the note. He may rest *254 upon, the consideration which the endorsement to himself legally imports. Although some misapprehension has formerly existed, upon this point, it is now, we think, too firmly settled to be open to discussion. (Lathrop v. Morris, 5 Sandf. S. C. R. 7; Grandin, et al., v. Le Roy, 2 Paige, 509 ; Bank of Rutland v. Buck, 5 Wend. 66; Grant v. Ellicott, 7 Wend. 227; Young v. Lee, 2 Kern. 552; Ross v. Bedell, 5 Duer, 467, and cases cited.)
There was, therefore, no error in the charge to the jury, and the Judge properly refused to charge as requested by the defendants.
We are no less clear, that it was unnecessary for the plaintiffs to prove a demand of payment from Mrs. Jones, the payee. Indeed, this seems to follow, from what has already been said. They were (so far as relates to this point) the lawful holders of the note, for a sufficient consideration, not defeated by the proof, that the note was an accommodation note. Establishing their title to the note, established their right to recover thereon, according to its tenor.
But in no aspect of the case was such a demand necessary. The transfer to them was not dependent upon any condition precedent, viz., to become available, in case the note of Mrs. Jones was not paid, on demand, or provided, on demand, payment should be refused. In reference to this question, their title was precisely the same, as if the note had, in fact, been given to the defendants for full value. They had- a right, and, in the last case supposed, it might, perhaps, have been their duty, to require the defendants to pay the note, when it became due. True, if the note of Mrs. Jones had been paid, she would have been entitled to a return of this note; but the burden of showing, that the plaintiffs’ title had been defeated, was upon the defendants.
In relation to the admission of the evidence, that the plaintiffs’ messenger reported to the plaintiffs what the defendants said, in 'answer to the inquiry,- whether this note was a business note; there was no error. The objection is, that the evidence was hear-say, only.
It was competent, and it was deemed material, to prove, that the defendants, by representing, that the note was business paper, had induced the plaintiffs to deal with it as such, and surrender other securities. For this purpose, it was necessary to prove two things: First, that the representation was made; and second,
that the plaintiffs had acted upon that representation. The plain *255 tiffs proved, by the messenger, that the defendants made the representation ; but, had they stopped there, this ground of claim would not have been established. They must prove, that the representation was communicated to them by their messenger; otherwise, it could not have been acted upon. Whether this was proved by the messenger, or by any other witness, was wholly immaterial. This seems, to us, too plain to require further discussion. It was not attempting to prove the defendants’ representation by what a third person (the messenger) said; but it was giving direct and positive proof, that what the defendants said (which bad already been proved) was communicated to the plain-, tiffs.
The remaining questions are: First, whether, under the pleadings, the plaintiffs’ title could be defeated by proof, that the payee of the note was a married woman? and second, whether the Judge should have permitted the defendants to amend their answer, so as to set up that specific defence?
The answer of the defendants, by not denying, admitted, (Code, § 168,) that they made the note in suit, and delivered it to the payee, and that “ the said payee, the said R. C. Jones, thereupon duly endorsed the said note, in blank, and transferred and delivered the same to the said plaintiffs.”
The fact of endorsement, that it was duly made, and that the note was actually and, of course, legally transferred to the plaintiffs, here stand admitted. Whether the plaintiffs continued to be the holders and owners, at the time of the commencement of the suit, may, perhaps, be deemed put in issue, by what follows in the answer; but the regularity and validity of the transfer of the note to them is not put in issue. Certain facts are afterwards alleged, as second and third defences, which have already been noticed ; but there is no intimation of a want of legal capacity in the payee to endorse or transfer the note.
We say, unhesitatingly, that, under such an answer, the defendants were not at liberty to prove, that no transfer had been made to the plaintiffs; nor to do indirectly, by showing, that the payee had no capacity to transfer, what they would not be at liberty to do directly. In truth, the fact of due endorsement and transfer to the plaintiffs was not in issue.
It is settled by the Court of Appeals, that a defence which is *256 not set up in the answer, will not avail a defendant, although it is proved on the trial. (Field v. The Mayor, 2 Seld. 179; Brazill v. Isham, 2 Kern. 1.)
It is eminently just, that this rule should be adhered to. A plaintiff comes to trial prepared to meet the defences upon which the answer assures him the defendant will rely, and presumptively prepared to meet none other. It is true, that he may object to proof of any other defence; but it is also true, that in the course of the trial facts' may, and frequently they do appear, in some form or process of examination, or cross-examination, which are so connected with the res gestœ, or, proper as a means of testing the memory or credit of the witness, that they could not be altogether excluded, and which suggest, that, had they been set up by answer, might defeat the action. But the plaintiff was not bound to bring witnesses to contradict them. In this way, even payment might be testified to by some witness; or, in an action for assault and battery, in which the answer contained nothing but a denial, a witness called by the defendant to mitigate damages, might state facts, as a part of the res gestœ, which, if true, would amount to a complete justification.
Second. Ought the Judge to have permitted an amendment ? Whether the propriety of granting the amendment did not rest so fully in the discretion of the Judge presiding at the trial, that the refusal to allow it cannot be reviewed on appeal, has been already twice considered in this Court, in General Term, and it is held, that such a refusal furnishes no ground of exception, and will not be reviewed. (Brown v. McCune; 5 Sandf. 229 ; Hunt V. Hudson River Fire Ins. Co., 2 Duer, 489; and see Roth v. Schloss, 6 Barb. 308.)
In the present case, the considerations above suggested, in regard to the right of the defendant to prove a defence not set up in the answer, bear also upon the propriety of allowing the amendment. The motion was not made, to prevent a- variance; it was sought to introduce an entirely new defence—a defence that was contrary to the admissions in the answer—a defence not in itself meritorious, but resting, so- far as concerns this case, upon purely technical grounds; for if, in fact, the note in question was without consideration, the husband had no beneficial interest in it—it could never be collected for his benefit—he was in no *257 wise prejudiced by suffering the plaintiff to recover, or by requiring the defendants to pay according to the very terms of their promise, i. e., to the party whom the payee should appoint.
The cases of Egert v. Wicker, (10 How. Pr. R. 193,) and Catlin v. Hansen, (1 Duer 309,) show that an. amendment introducing a defence, new and substantial, ought not to be allowed at the trial.
We do not, therefore, deem it necessary to inquire whether, under the circumstances disclosed on the trial, the defence would have availed to defeat a recovery. The general doctrine, that a promissory note, made during the coverture, payable to a married woman, and having no connection with her separate property, is, in legal effect, payable to her husband, we do not question; nor, that she cannot transfer such a note, by endorsement, without her husband’s authority. But there are circumstances in which the title of an endorsee of a note, payable to her, and transferred by her endorsement, will be sustained. (Miller v. Delamater, 12 Wend. 433.)
The judgment should be affirmed.
Judgment affirmed.

■ Benedict t. Qaffee (5 Duer, 23V); Burrall v. Be Groot (Id. 383).