By the Court.—Monell, Ch. J.
It is conceded "that the allegations of fraud in the complaint were not sustained by the proof, and as that was the only cause of action alleged, there was no error in dismissing the complaint, on the ground of an entire failure of proof.
But it is claimed that another cause of action against the defendant was established by the evidence, and that the referee erred in not conforming the pleadings to the proofs, and rendering judgment upon such evidence, in the plaintiff’s favor.
The power of a referee, like the power of a judge at the trial, to allow amendments, is restricted to such as do not change substantially the claim or defense {Code, § 173); and the exercise of the power is so far within the discretion of the judge or referee, that, although it maybe revie'wed on appeal, the court of review will not disturb the decision, whether it allows or disallows the amendment, unless the power has manifestly been unwisely exercised.
But the power to amend by conforming the pleadings to the proofs, is not confined to the trial, nor to the court at special term. The general term, upon an appeal from the judgment, and even the court of appeals, when it is in furtherance of justice, can allow an amendment (Pratt v. Hudson R. R. R. Co., 21 N. Y. R. 305).
The cause of action, which I understand the plaintiff claims has been made out by the evidence, is, that having lent his promissory notes to Shields, receiving no consideration therefor from Shields, or from any one ; and having been subjected to expenses in prosecuting and defending suits upon them, he has the right to recover such expenses as damages against the repre *458 sentative of Shields. A recovery is not asked, for any failure of Shields to transfer to the plaintiff a half interest in the property of Shields & Brown, nor for having to pay the notes, or any part of them ; but the-claim arises upon the mere relation of an accommodation maker, to the person accommodated, to recover as damages his expenses in litigations concerning the notes.
The notes were turned out by Shields to Brown, upon and towards payment for a half interest in the partnership property. Such transfer constituted Brown. a bona fide holder, and notice to him, that they were accommodation notes, did not affect his right to recover against the maker. Such is the law of this State (Harrington v. Dorr, 1 Robt. 351). And such a note may be taken for an antecedent debt (Robins v. Richardson, 2 Bosw. 248). Or even as security for a precedent debt (Schepp v. Carpenter, 51 N. Y. R. 602).
It seems that in,the Hew Jersey courts, the plaintiff defeated a recovery upon the notes, but upon what ground does not appear. Whether they held that the holder, having had notice of the want of consideration, was not a bona fide holder, or whether they found that the note was made for a purpose not fulfilled, was not shown. It did appear, however, that the plaintiff was. successful in his defense.
But under the law as administered in this State—and it is under such law that we must determine the rights of the parties—it was the duty of the plaintiff to pay the notes to the holder at maturity» ' Had he paid them, an action for money paid could have been maintained against Shields, and a recovery had for the amount paid, with interest. In this State he could not. have successfully defended a suit upon the notes, and had he suffered suit, he could not have recovered the-costs and expenses of defending.
I can not discover any difference in principle, in his *459 defending in New Jersey. That he succeeded in the courts of that State, may have been to the advantage of Shields, in saving him from the consequences of a voluntary payment by the plaintiff. But Shields neither instigated nor was privy to the defense interposed ; nor did he counsel or suggest any course for the plaintiff to pursue. And if the plaintiff, for his own protection, and in his own defense, saw fit to litigate in the New Jersey courts, or pay or incur large expenses, I do not see upon what principle he can call "upon the defendant to make good the loss.
It is very clear, I think, that if the plaintiff had been unsuccessful in his New Jersey litigation; his law ■expenses could not have been charged upon Shields. He was unsuccessful in the action or actions he instituted to enjoin the negotiation of the notes, and he can not claim any indemnity therefor, or for his •expenses therein, from Shields’ estate.
It is not enough that these legal expenses were connected with the accommodation paper. They must have been necessarily incurred in consequence of such paper, and by reason of the plaintiff’s liability upon it. In this case they were not so necessarily incurred. The plaintiff could have paid the notes without suit, •and then recovered the amount from Shields. And if, instead of pursuing that course, he deemed it more for his interests and protection, to engage in expensive litigation in another State, it must be assumed that he did it for his own purposes, and not for any benefit which might indirectly accrue to Shields.
Upon payment by the maker of an accommodation note, his action must be for money paid, laid out and expended for the defendant, and the law in such a case would imply a request by the defendant, and also a promise to pay, and the measure of the recovery would be the amount so paid at the request of the ■defendant; not what the plaintiff had actually paid *460 "beyond the implied request. Hence, if instead of paying the note at maturity, he suffers suit, he can not, in such an action, recover the costs or legal expenses (9 Barn. & Cress. 618).
In Butler v. Wright, 2 Wend. 369, the action was by a second against a first indorser of a note. The plaintiff had been sued by the holder, and a judgment recovered which he had paid, and the action was upon the money counts for money paid, &c., and the court-held, that as it was the duty of the defendant to pay the note, he could not object to a recovery by the plaintiff of the amount he had been subjected to, by the defendant’s default. That case illustrates the position, of the plaintiff in this action. His duty to the holder of the note, was to pay it, and then sue Shields for so much money paid for him. Whatever else or otherwise he did, must be regarded as his voluntary act, for which there was neither an express nor implied request of Shields, and for which the latter’s estate should not be held liable.
The action, therefore, as an action for money paid for the defendant’s intestate, can not be maintained.
Nor can I, for the r.easons already stated, perceive-how any action whatever can, upon the facts disclosed,, be sustained.
I have examined the exception to exclusion of some-evidence, but in my general view of the case the evidence was immaterial.
I think the referee was right in dismissing the-complaint.
The judgment should be affirmed.
Curtís, J., concurred.