BENNETT v. The J. H. GAUTIER. See Case No. 7,319.

BENNETT, (MAHONEY MIN. CO. v.) See Cases Nos. 8,968 and 8,969.

BENNETT, (MARSH v.) See Case No. 9,110.

## Case No. 1,321.

### BENNETT et al. v. MARYLAND FIRE INS. CO.

[14 Blatchf. 422;[1] 17 Alb. Law J. 363; 2 Month. Jur. 250; 24 Int. Rev. Rec. 167.]

Circuit Court, N. D. New York. March 13, 1878.

INSURANCE—PRINCIPAL AND AGENT—RATIFICATION—PROOF OF LOSS — WAIVER — ASSIGNMENT OF POLICY—PLEADING AND PROOF.

1. Circumstances stated which amounted to a ratification, by a fire insurance company, by silence, of the act of its agent, in accepting the responsibility of a broker to whom the assured paid the premium, in lieu of the money of the assured.

[See Miller v. Life Ins. Co., 12 Wall. (79 U. S.) 285; Southern Life Ins. Co. v. McCain, 96 U. S. 84.]

2. The policy not requiring the payment of the premium in money, the premium was paid by the acceptance by the agent of the promise of the broker, in lieu of the money, and the company could not cancel the policy without repaying the premium to the assured.

3. Provisions in a policy of fire insurance for notice of loss and proofs of loss are for the benefit of the insurer, and can be waived.

4. Notice of loss to the agent of the insurer was, in the absence of knowledge of the revocation of his agency, notice to the insurer.

5. After knowledge by the insurer of the fact of loss, its repudiation of the policy without objecting to the sufficiency of the notice of loss, was an acquiescence in the sufficiency of such notice.

[Cited in Timayenis v. Union Mut. Life Ins. Co., 21 Fed. 227.]

[See, also, Norwich & N. Y. Transp. Co. v. Western Mass. Ins. Co., Case No. 10,363; Bang v. Farmville Ins. Co., Id. 838; Ramsey v. Phoenix Ins. Co., 2 Fed. 429; Akin v. Liverpool & London & Globe Ins. Co., Case No. 121.]

6. Repudiation by the insurer of liability for the loss was a waiver of the necessity of furnishing proofs of loss.

[Cited in Ball & Sage Wagon Co. v. Aurora F. & M. Ins. Co., 20 Fed. 236.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

7. An assignment by parol of the right of action on a policy of fire insurance, after a loss, is sufficient to transfer the cause of action.

8. Where the answer to the complaint, in an action on a policy of fire insurance, only denies the allegations of the complaint, the defendant cannot prove a defence based on a breach of any conditions in the policy other than such as are conditions precedent to the right of the plaintiff to recover.

[At law. Action by George Bennett and others, administrators of Morris Bennett, deceased, against the Maryland Fire Insurance Company, on a fire insurance policy. Defendant moves after verdict for a new trial. Motion denied, and judgment ordered for plaintiffs.]

W. L. Dailey and W. F. Cogswell, for plaintiffs.

E. H. Benn, for defendant.

WALLACE, District Judge. This is a motion for a new trial by the defendant. None of the objections urged to the recovery are tenable.

First. Hamlin was the agent of the defendant, authorized to make insurance and deliver policies. The assured paid the premium to a broker, and Hamlin, knowing of the payment, accepted the responsibility of the broker, by an agreement with him, in lieu of the money paid by the insured. The assured, subsequently desiring to build an addition, which would increase the risk, applied to Hamlin to endorse a consent. Hamlin informed the assured that he would have to forward the policy to the company, but the consent would be given, and the assured might rely upon it and go on with his addition. The company knew that the policy had been issued, and declined to take the risk, and so notified Hamlin. Notwithstanding this, Hamlin did not inform the assured. Some time after this, Hamlin forwarded the policy to the company, to obtain the consent of its officers to the building of the addition, at the same time informing them of the whole transaction relative to the premium. The company retained the policy, and did not notify Hamlin that consent would not be allowed, or that the policy would be deemed cancelled. It thus appears that the company knew that the policy had not been recalled by Hamlin, and that the assured supposed it to be in force and was acting in reliance upon that assumption. By silence, the defendant ratified the act of its agent in accepting the responsibility of Nichols in lieu of the money of the assured. Slight acts are sufficient to constitute a ratification; and silence, when good faith requires the principal to speak, is sufficient.

Again, the policy did not require payment of the premium in money; and, when the agent of the defendant accepted the promise of Nichols, in lieu of the money of the assured, the premium was paid. The agent became liable to the defendant for the premium, to the same extent as though he had received the money of the assured; and the assured were protected to the same extent as though they had paid their money to Hamlin. If they had paid Hamlin the money, and he had failed to remit it to the defendant, the defendant, nevertheless, would have been bound by the policy. It is equally liable now. Hotchkiss v. Germania Fire Ins. Co., 5 Hun, 90; Goit v. National Protection Ins. Co., 25 Barb. 189; First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305, 311; Bodine v. Exchange Fire Ins. Co., 51 N. Y. 117. Under these circumstances, the defendant could not cancel the policy without repayment of the premium to the assured. Instead of doing this, the defendant, with full knowledge of all the facts, retained the policy when it came into its possession for another purpose, without expressing any intention of repudiating the transaction.

Second. The policy required the assured, in case of loss, to give notice in writing to the company forthwith, and, as soon after as possible, to serve proofs of loss. As soon as the fire occurred, the assured notified Hamlin, and he wrote to the company. Shortly thereafter, the assured heard that the defendant disclaimed liability, and one of them went to the office of the company, and was informed by its officers that the policy had been cancelled and was not in force at the time of the loss. Then the assured gave written notice of the loss to the company, and served proofs of loss, both of which were shortly after returned by the defendant, upon the ground that the defendant had no policy on the property and nothing to do with the loss. When Hamlin wrote to the company, his act enured to the assured and satisfied the condition requiring written notice forthwith. The proofs of loss were served as soon as practicable under the circumstances, as appears by the testimony. But, both of these conditions were made a part of the policy for the benefit of the defendant, and could be waived by the defendant. The defendant received notice of the loss forthwith, but not notice in writing. Notice by the assured to Hamlin, whom the defendant had held out as its agent, was, in the absence of knowledge on the part of the assured that Hamlin's agency had been revoked, notice to the defendant; and, when, after this had been given, and one of the assured saw personally the officers of the defendant, and they, instead of objecting to the formality of the notice, told him that the defendant repudiated the policy, they acquiesced in the sufficiency of the notice.

No objection can be heard to the sufficiency of the service of the proofs of loss. If they had been served immediately after the interview between one of the assured and the officers of the defendant, they would have been in time, clearly. When, in that interview, the defendant repudiated all liability for the loss, the assured were absolved from

making proofs of loss. The proofs, however, were forwarded, and were returned by the defendant, as of no interest to it. The defendant waived the condition in this regard. Norwich & N. Y. Transp. Co. v. Western Mass. Ins. Co., [Case No. 10,363,] and cases there cited.

Third. After the fire, the assured transferred, by an oral agreement, his right of action to the plaintiff's intestate; and the other individuals to whom the loss was payable by the policy, as their interests might appear at the time of the loss, assigned their interest to the plaintiff's intestate. The assignment by parol was sufficient to transfer the cause of action. Kessel v. Albetis. 56 Barb. 362. It operated as an appointment of the assignee as trustee, within section 113 of the Code of Procedure, and authorized him to maintain the action.

Fourth. The defences presented by these various objections urged to the plaintiffs' right to recover, are the only ones of which the defendant can avail itself under the pleadings in this action. The complaint does not set out the policy, but describes it sufficiently to permit it to be put in evidence, and alleges that the assured and the plaintiffs have duly performed all of the conditions of the policy. The issue tendered by the answer is, in substance, a denial of the averments of the complaint. The rights of the parties are to be ascertained, not by the rules of pleading at common law, but by those adopted by the Code.

Under this issue, it was incumbent on the plaintiffs to prove the execution and delivery of the policy, the plaintiffs' interest and title to sue, the loss by fire of the property described, the amount of the loss, and notice and proof of loss in due form given to the defendant. The defendant was at liberty to controvert all the facts which it was incumbent on the plaintiff to prove, including the performance of any condition precedent to the plaintiffs' right to recover, (Code, § 162; New Code, § 533,) but it could not avail itself of any defence based on a breach of any other conditions in the policy, because no such defence was set up in its answer.

The defendant is, therefore, precluded from relying upon the breach of any condition in the policy, except of such as the plaintiffs were bound to show affirmatively had been complied with, as a condition precedent to their right to recover. No issue is tendered by the answer, to the effect that the policy became void because the risk was increased by the act of the assured; and the same may be said of the other defences not hitherto discussed. While, it is true, evidence appeared on the trial from which breaches of these conditions might be inferred, the plaintiffs were not required to meet that evidence, because not notified by the answer that such issues were to be tried.

Judgment is ordered for the plaintiffs, upon the verdict.