(36 App. Div. 179.)

### RAU v. WESTCHESTER FIRE INS. CO.

(Supreme Court, Appellate Division, First Department. January 20, 1899.)

FIRE INSURANCE POLICY—CONSTRUCTION.

A policy was written on machinery contained in a "brick building, with frame additions attached," described as situate on the north side of a certain street, and it permitted assured to keep and use "on the premises" one quart of benzine. *Held,* that benzine stored in an open shed, on the lot on which the building was situated, eight or ten feet distant therefrom, and unconnected with it, was not stored "on the premises," in violation of the policy.

Appeal from trial term, New York county.

Action by Eugene Rau against the Westchester Fire Insurance Company. From a judgment entered on an order dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Joseph A. Arnold, for appellant.

Charles A. Runk, for respondent.

RUMSEY, J. The action was upon a policy of fire insurance, by which the defendant insured the plaintiff against loss by fire upon certain machinery in a brick building, with frame additions, in the city of Paterson, N. J. The defense, so far as material to this appeal, was based upon a claim that the assured kept upon the premises benzine to an amount exceeding one quart which the policy permitted, and in violation of one of the conditions of the policy, and that, therefore, the contract of insurance was avoided. The sole question presented was whether the benzine which was undoubtedly kept by the plaintiff was "upon the premises," within the meaning of those words used in the policy. The facts were not in dispute. The policy was written on machinery, fixed and movable machines, etc., "all contained in the brick building, with frame additions attached, situate on the north side of Pearl street or 15th avenue, about 125 feet east of East 18th street, Paterson, New Jersey." The business carried on in the buildings was the dyeing and finishing of silks and velvets, and in that business it was necessary to use benzine to some extent and for some purposes. To that end the policy permitted the assured to keep and use "on the premises" one quart of benzine, and that quantity was kept in the buildings in which was the insured property. These buildings were situated upon a lot upon which was also an open shed, at some small distance from the buildings, in which it is claimed that three or five barrels of benzine were habitually kept by the plaintiff. While the facts in regard to this matter are not contradicted, yet they are not precisely clear. But it is very certain that there was not evidence which would warrant the finding by the court that this comparatively large quantity of benzine was kept or stored anywhere within the buildings in which the insured property was placed, but that it was kept in an open shed on the same lot, and eight or ten feet away from those buildings, and in no way connected with any of them. The question presented, therefore, is whether the benzine was on "the above-described premises, within the meaning of those

words as used in the policy; because, unless it can be said to be there situated, it clearly was not within the conditions. In order to learn whether it was within the conditions, it is necessary to refer to the policy to see what premises were described in it. The premises were those in which the insured property was situated, and we find that the description of the place where that property was is that above quoted in this opinion. No other place is referred to, and no other premises are mentioned. The policy speaks of "the brick building with the frame additions attached." There are no other "premises" described in the policy, and the word "premises," therefore, can be construed to mean only those buildings which are mentioned as containing the insured property, and not the lot outside, upon which none of the buildings stood. This construction of these particular words is that always adopted by the courts. Allemania Fire Ins. Co. v. Pittsburg Exposition Soc. (Pa. Sup.) 11 Atl. 572; Northwestern Mut. Life Ins. Co. v. German Fire Ins. Co., 40 Wis. 446; Carlin v. Assurance Co., 57 Md. 515; Sperry v. Insurance Co., 22 Fed. 516; May, Ins. §§ 228, 243. The evidence failed to show that any benzine, except perhaps the single quart which the assured was at liberty to keep, was kept within the buildings in which the insured property was. In the absence of that proof, the defendant's case failed, and it was error, therefore, to permit it to succeed upon the evidence as it stood.

For that reason the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event of the action. All concur.