(50 App. Div. 428.)

## RAU v. WESTCHESTER FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. APPEAL—QUESTIONS FOR JURY—CONFLICT OF EVIDENCE.
    Where the evidence would sustain conflicting inferences of fact, the finding of the jury will not be disturbed.

2. INSURANCE—ACTION ON POLICY—PROOF OF PERFORMANCE OF CONDITIONS.
    Under Code Civ. Proc. § 533, providing that in pleading performance of a condition precedent in a contract, plaintiff may state generally that he has performed all the conditions, and, if that allegation is controverted, he must establish performance, plaintiff, in an action on an insurance policy, who has alleged performance of its conditions, is not required to prove that he has not committed any of the acts which the policy prohibits, until some evidence of a violation of the prohibition has been given by the defense.

3. SAME—EVIDENCE.
    In an action upon an insurance policy, evidence as to whether plaintiff ever had a fire before is not admissible where there is no issue to which it is relevant.

Appeal from trial term, New York county.

Action by Eugene Rau against the Westchester Fire Insurance Company to recover upon a policy of insurance against fire. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Charles A. Runk, for appellant.
Joseph A. Arnold, for respondent.

WILLARD BARTLETT, J. The nature of this action is stated in the opinion of Mr. Justice Rumsey upon the first appeal. Rau v. Insurance Co., 36 App. Div. 179, 55 N. Y. Supp. 459. It was then held that the condition of the policy prohibiting the keeping or use of more than one quart of benzine upon the premises had not been violated by keeping three or five barrels of benzine in an open shed on the same lot as "the brick building with frame additions attached," in which the insured property was situated, this open shed being eight or ten feet distant from these structures, and in no wise connected therewith. Upon the trial now under review the defendant sought to show that the plaintiff used benzine in excess of the stipulated quantity in one of the frame additions mentioned in the policy. The plaintiff, however, testified that he never used any benzine in his business between the date when the policy was issued and the time of the fire. It was contended by counsel for the defendant that other parts of the plaintiff's testimony showed the contrary to be the fact; and with his express consent the court left it to the jury to say whether at any time subsequent to the issue of the policy the plaintiff had more than one quart of benzine upon the premises. By their verdict in favor of the plaintiff the jury have answered this question in the negative. With their finding we cannot interfere. The most that can be said in behalf of the defendant is that the evidence, accordingly as it might be viewed, would sustain conflicting inferences of fact upon the question at

issue, and it was the sole province of the jury to determine which of these inferences should be drawn therefrom. The position of the appellant that the plaintiff was bound, in the first instance, to prove that he did not keep or use more than the specified quantity of benzine is not tenable. In an action on a policy of insurance, the allegation in the complaint, under section 533 of the Code of Civil Procedure, that the plaintiff has duly performed all the conditions of the contract on his part, does not require him to prove, as a part of his affirmative case, that he has not committed any of the acts which the policy prohibits. Proof to this effect need not be offered by him until some evidence of a violation of the prohibition has been given by the defense. Hunt v. Insurance Co., 2 Duer, 481, 489; Fischer v. Insurance Co., 37 App. Div. 575, 582, 56 N. Y. Supp. 260; Bennett v. Insurance Co., 14 Blatchf. 422, Fed. Cas. No. 1,321. And see Blasingame v. Insurance Co., 75 Cal. 633, 17 Pac. 925.

There is no merit in the defendant's exception to the ruling sustaining the objection to the question, "Did you ever have a fire before?" which was propounded to the plaintiff upon his cross-examination. The evidence which it called for had no relevancy to any litigated issue in the case. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.