EAGLE WAIST CO. v. OCEAN ACCIDENT & GUARANTEE CORPORA-
TION, Limited.

(Supreme Court, Appellate Term.  February 15, 1912.)

INSURANCE (§ 641*)—ACTION ON POLICY—NECESSITY OF REPLY.

    Plaintiff sued on a burglary policy, alleging performance of all cove-
nants and conditions, to which defendant answered with a general de-
nial, and as a first defense that plaintiff failed to keep books and accounts,
as required by the policy, and as second defense that the policy was
avoided by plaintiff's fraud in exaggerating his claim by false statements.
*Held*, that the first defense was equivalent merely to a general denial, to
which plaintiff was not bound to reply, but that the second defense
pleaded new matter, to which a reply was required.

    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1626–
1629;  Dec. Dig. § 641.*]

Appeal from City Court of New York, Special Term.

Action by the Eagle Waist Company against the Ocean Accident &
Guarantee Corporation, Limited.  From an order of the New York
City Court, denying defendant's motion to compel plaintiff to reply to
the first and second defenses of defendant's answer, it appeals.  Modi-
fied and affirmed.

Argued February term, 1912, before SEABURY, GUY, and BI-
JUR, JJ.

Joseph L. Prager, for appellant.
Victor Deutsch, for respondent.

SEABURY, J.  Plaintiff sues to recover upon a policy of burglary
insurance.  The answer is in effect a general denial, and as a first de-
fense alleges that the plaintiff failed to keep books and accounts as
required by the terms and conditions of the policy, and as a second
defense that the policy was avoided by the fraud of the plaintiff in
exaggerating his claim by false statements.  The defendant moved in
the court below to compel the plaintiff to reply to the first and second
defenses.  This motion was denied, and from the order entered there-
on the defendant appeals to this court.

The complaint alleged that the plaintiff duly performed all the cov-
enants and conditions on his part to be performed.  The first alleged
defense contained in the answer is equivalent merely to a denial of the
allegations which, in effect, are contained in the complaint, and we
think that the discretion of the court below was properly exercised in
refusing to compel a reply to this defense.  Shaff v. United Surety
Co., 142 App. Div. 465, 127 N. Y. Supp. 8.  The second alleged de-
fense pleaded contained new matter, which, if true, would constitute
a defense to the action.  The plaintiff should, therefore, have been
directed to reply to this defense.  Shaff v. United Surety Co., supra.

Order modified, by requiring the plaintiff to reply to the second al-
leged defense, and, as modified, affirmed, with $10 costs and dis-
bursements to the appellant.  All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes