SPINGARN v. NATIONAL SURETY CO. OF NEW YORK.

(Supreme Court, Appellate Term.   April 12, 1912.)

1. INSURANCE (§ 615*)—BURGLARY INSURANCE—ACTIONS—DEFENSES.
   Fraud by insured in falsely increasing the amount of a claim on a burglary insurance policy was new matter, when alleged in the answer, which would constitute a defense to the action.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1530, 1532–1534; Dec. Dig. § 615.*]

2. INSURANCE (§ 640*)—BURGLARY INSURANCE—ACTION ON POLICY—PLEADING.
   An allegation of due performance in the complaint in an action on a burglary insurance policy does not amount to an averment of nonviolation of the conditions or prohibitory clauses of the policy, such as one requiring insured to keep books of account, so as to require a specific denial in the answer of the allegation of due performance.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1609–1625; Dec. Dig. § 640.*]

Appeal from City Court of New York, Special Term.
Action by Israel Spingarn against the National Surety Company of New York. From an interlocutory judgment for plaintiff, on demurrer

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
   134 N.Y.S.—52

to the complaint, defendant appeals. Reversed, and demurrer over-ruled.

See, also, 131 N. Y. Supp. 712.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Joseph L. Prager, of New York City, for appellant.

Herman Kahn, of New York City, for respondent.

GUY, J. The defendant appeals from an interlocutory judgment sustaining a demurrer to the first and second defenses of the defendant's amended answer. The action is brought to recover the sum of $1,000 upon a policy of burglary insurance. The answer denies the material allegations of the complaint, and sets up two separate defenses: First, that the plaintiff's assignor failed to keep books of account, according to the terms and conditions of the policy; and, second, that plaintiff's assignor avoided the policy by attempting to cheat and defraud the company in exaggerating his claim.

[1] The trial justice held that these defenses were insufficient, for want of specific denials in the answer of the allegation of due performance of the conditions of the policy pleaded in the complaint. In so ruling, the learned judge erred. The allegation of fraud was new matter, which, if established by competent proof, would constitute a defense to the action. Eagle Waist Co. v. Ocean Accident & Guarantee Corporation, 133 N. Y. Supp. 1031; Shaff v. United Surety Co., 142 App. Div. 465, 127 N. Y. Supp. 8; Anibal v. Ins. Co., 84 App. Div. 634, 82 N. Y. Supp. 600.

[2] A plea of due performance in the complaint cannot be considered as a plea of nonviolation of any of the prohibitory clauses of the policy. Rau v. Westchester Fire Ins. Co., 50 App. Div. 428, 64 N. Y. Supp. 290.

The interlocutory judgment must therefore be reversed, and the demurrer overruled, with costs in this court and in the court below. All concur.