BRIDGET O'CONNELL, as Administratrix, etc., of PATRICK O'CONNELL, Deceased, Respondent, v. NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, Appellant.

Third Department, May 3, 1922.

Insurance — automobile insurance — action against insurance company to recover amount of judgment secured against owner of automobile for death of plaintiff's intestate — burden of proof on defendant to show that automobile at time of accident was being driven by child under sixteen in violation of terms of policy.

In an action against an insurance company, under a policy of automobile insurance issued to the owner of an automobile, to recover the amount of the judgment recovered against the owner of the automobile for the death of the plaintiff's intestate, in which the defendant conceded that it would be liable for the amount of the judgment against the owner in case it was not shown, as it contended, that the automobile at the time of the accident was being driven by a child under sixteen years of age, a condition which, if it existed, would relieve it from liability, the burden of proof is on the defendant to establish that the automobile was, in fact, being driven at the time of the accident by a child under the age of sixteen years.

HINMAN and VAN KIRK, JJ., dissent, with opinion.

APPEAL by the defendant, New Jersey Fidelity and Plate Glass Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Columbia on the 29th day of November, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 28th day of November, 1921, denying defendant's motion for a new trial made upon the minutes.

*Phineas L. Webber* [*Theodore H. Lord* of counsel], for the appellant.

*Daniel V. McNamee* [*J. Edward Murphy* of counsel], for the respondent.

KILEY, J.:

I report for affirmance. Defendant conceded, stipulated and proved plaintiff's case. The initial circumstances are, briefly, as follows: On the 29th day of July, 1920, and for several months

previous thereto, Harry P. Froud owned a five-passenger Buick automobile. On the 4th day of January, 1920, defendant issued its indemnity policy, indemnifying said Froud from loss or damage by reason of injury and damage done to a third party in case of accident, to the amount specified in the policy. The premium was twenty dollars and was paid. The policy, among other things, contained the following disclaimer: " Not covered: 3. This policy does not cover loss on account of injuries or death suffered by any person or persons caused by any automobile (a) while driven by or in charge of any person in violation of law as to age, or in any event under the age of sixteen years." On the day aforesaid (July 29, 1920) the said Froud took his granddaughter, fourteen years old, into his car, the car mentioned in the insurance policy, and was teaching her how to drive it; she sat in the driver's seat (left-hand drive) and under the direction of her grandfather was driving the auto, her grandfather in the seat beside her, toward Malden Bridge in the town of Chatham, Columbia county, N. Y. This bridge was 167 feet long and crossed the Kinderhook creek in a northerly and southerly direction. The car approached this bridge from the north, the granddaughter driving, and was on the right-hand side of the bridge and on its proper side of the road. Two-thirds of the distance over, men were repairing the right-hand side of the bridge and had made an opening ten by twelve feet; as the car approached the girl turned her car to the left to avoid the opening on her right; as she did so and when the car was twenty feet from the opening, Froud, her grandfather, grabbed the wheel, turned it to the right, applied the emergency brake, and although the car was going very slow, did not stop, but collided with plaintiff's intestate, knocked him through the opening to the bed of the stream below, and he received injuries from which he died. When the grandfather grasped the wheel the girl let go, and for the twenty feet aforesaid did not exercise any further control, or lack of control, over the operation of the car. Plaintiff, as administratrix, sued Froud and obtained a judgment for the negligent killing of her husband which was based upon a reduced verdict of $4,000 besides interest and costs. Defendant in this action was notified to defend; it declined and disclaimed liability. Froud took advantage of the Bankruptcy Act (30 U. S. Stat. at Large, 544, chap. 541, as amd.), was discharged and nothing was paid on the judgment. Plaintiff brought this action, basing her right on a provision of the policy which was required to be contained therein by section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1918, chap. 182), and which statutory provision was amended by chapter 563 of the Laws

of 1920 prior to the accident herein.   Before trial of this action it was stipulated between the parties, in writing, that the plaintiff was appointed administratrix of her intestate; that a true copy of the policy of insurance, involved here, was attached to plaintiff's complaint; that all of the steps required to docket the judgment had been taken and had; that the executions issued thereon had been returned unsatisfied; that Froud, the defendant in the first action, had gone through bankruptcy and had been discharged; that the complaint printed in this record (first action) is part of the judgment roll in that action, and that the rest of the judgment roll, not printed, might be referred to by either party upon the argument on this appeal.   At the opening of the trial plaintiff's counsel read in evidence paragraphs of the complaint admitted by the answer, which was in effect other than the admission a general denial with the affirmative defense, based upon the disclaimer in the policy and quoted above.   When plaintiff's attorney offered the judgment roll in evidence defendant's counsel objected, but said he would stipulate the amount of the judgment in the first action.   Plaintiff's counsel urged that he could go further to show the identity of the cause of action in the first action to be the same as in this action; the court replied " there won't be any trouble about that.   Even for that purpose it could not bind the defendant, but it does bind them as to the extent of that finding there, to wit: $4,000 plus the cost, provided of course that the other conditions of the policy were kept."   Defendant's counsel said: " Yes, that is all right."   At about this point in the trial the question was raised as to who had the burden of proof in proving the disclaimer clause set forth in the policy, above quoted, and set forth in the policy of the defendant attached to plaintiff's complaint, and further who had the burden of proof as to the affirmative defense, the clause in question, set up by defendant in its answer.   The court held the defendant had the burden of proof, to which an exception was taken; whether that is the law or whether it survives the further concessions in the case I will discuss later.   After reading other portions of the pleadings and introducing certain exhibits in evidence, plaintiff rested and defendant's counsel moved to dismiss the complaint " upon the ground that the evidence does not show that the accident described by the plaintiff's evidence, and the casualty described by the evidence, does not come within the terms of the policy pleaded in the complaint."   Motion was denied and exception taken.   Defendant then called Froud and his granddaughter in support of its alleged affirmative defense. Their evidence shows the statement of facts recited above and that the car was not going toward the man subsequently

injured until the grandfather took control of the car and purposely changed its course. Thereafter this occurred: Froud was taken on his redirect examination by defendant's counsel and asked this question: " Now this operation of making the engine go dead by putting on the emergency brake without pushing in the clutch — in other words stalling the engine." Plaintiff's counsel: " I object to this." Defendant's counsel: " Wait until I finish the question [continuing] Now which do you think would be the quicker way in which you could stop the power from being exerted on the drive shaft, by simply throwing in the clutch with your foot, or by putting the emergency brake on and holding it on until the engine stopped — which would be the quicker way of doing it? " Plaintiff's counsel: " Objected to as incompetent, immaterial and calling for a conclusion and an opinion." The Court: " I think it is competent, but I don't think it is the squeeze of this law suit whether they adopted the quicker way or not. The question is: Who was driving this car at the time this accident occurred? That is what I am going to submit to the jury." Defendant's counsel: " I think that is right, but Judge McNamee asked that question. All right." The court held again, after his charge, that the burden was on the defendant as to the affirmative defense; age of the girl, and exception was taken. It is questionable whether defendant's point, in that regard, survives its concession that the only question to submit was who was driving the car. But assuming that the question does survive, we read in *Slocovich* v. *Orient Mut. Ins. Co.* (108 N. Y. 56): " Where in an action upon a policy of marine insurance the defense is that the vessel insured was lost through the agency or instrumentality of the assured, the burden of proof upon this issue rests upon defendant." It may be said that the defense alleged in the last case sounded in tort; so does the defense here so far as defendant relies on the State statute. (Highway Law, § 290, added by Laws of 1910, chap. 374, as amd. by Laws of 1917, chap. 769, Laws of 1918, chap. 549, and Laws of 1921, chap. 580.) However, the Highway Law (§ 282, subd. 2, added by Laws of 1910, chap. 374, as amd. by Laws of 1919, chap. 472) was not violated in this case. It would not avail the defendant if it was. (*Messersmith* v. *American Fidelity Co.*, 187 App. Div. 35; affd., 232 N. Y. 161.) In the Appellate Division, Fourth Department, Mr. Justice Hubbs, writing for the majority of the court in the case last cited, said: " Here the contract on its face is perfectly legal. It does not purport to indemnify the plaintiff against damages growing out of the performance of an illegal act. The insurance policy, as drawn, had been approved by the State and was issued for a valid consideration.

The plaintiff in this case, to make out his cause of action, was not required to prove any unlawful act." Defendant's defense in the case at bar was a contractual defense, and it was so, only as a defense. I think the ruling was right. (*Rau v. Westchester Fire Ins. Co.*, 50 App. Div. 428; *Ellis* v. *National Provident Union*, Id. 255.) This defense is based solely upon the contract tendered by defendant, defendant assenting to the proposition that the only question for the jury was, who was driving the car, and then making the only proof on that subject, waived its right to reverse its attitude upon appeal. The defendant does not press its objection as to the constitutionality of section 109 of the Insurance Law; claims it is unconstitutional only when it is against its pocketbook, but when things are coming its way under the law it is constitutional. While there was some confusion in getting in the evidence, from the whole case a cause of action was made out. It appears beyond cavil that twenty feet before any accident happened the owner of the car was operating it and that the girl did not exercise any control over it for that distance. That he operated negligently has been found; that by reason thereof the accident occurred. The likelihood of such an accident is comprehended in this policy. It should pay.

All concur, except HINMAN, J., dissenting, with an opinion, in which VAN KIRK, J., concurs.

HINMAN, J. (dissenting):

I take a little different view of this case. It is a matter of enforcement of a contract. We are dealing with an exception from the risk insured against. If the facts do not come within the exception the defendant is liable for the judgment, notwithstanding the bankruptcy of the insured. (Insurance Law, § 109, added by Laws of 1917, chap. 524, as amd. by Laws of 1918, chap. 182, and Laws of 1920, chap. 563.) If the facts do come within the exception there was no coverage and the bankruptcy of the insured has nothing to do with the case.

A question as to whether the burden was upon the plaintiff to negative the exception, or whether it was upon the defendant to prove that the facts came within that exception, has been raised. It is not necessary to decide that question, because taking the testimony most favorable to the plaintiff, the situation which existed at the time of the accident came within the exception from the risk insured against. The fair interpretation of the provision of the policy in question is that the policy did not cover any accident which was proximately caused by the automobile being driven by a person under the age of sixteen years. If the facts show that that

was the situation involved here the plaintiff cannot recover. The driving of a car requires more than guiding its course on the highway. It must be deemed to include the control of the motive power and the brakes. To control these, to be able to regulate the amount of power, to be able to connect and disconnect such power instantaneously and to be able to retard or stop the car in any emergency by the application of brakes, is just as much a part of driving the car in any fair acceptance of the term as is the holding of the wheel. In my judgment the control of the former is more essential to the avoidance of accident than the latter. The purpose and the natural meaning of the provision was to eliminate insurance against accident that might arise from the negligent management of any or all of these instruments which are utilized in the driving of a car. How can we say that the grandfather was driving this car? He was only in control of the direction which it took in its progress on the highway and only imperfectly in the control of the wheel, because obviously his seat at the right of the wheel instead of in back of it was a disadvantageous one. He was not in control of the foot throttle which regulated the flow of gas. He was not in control of the clutch which disconnected the engine from the driving shaft. He was not in control of the service brake, which is the powerful brake of a car. His position was disadvantageous to control even the hand brake and, at the same time, guide the wheel. The most that can be said is that the driving of the car was divided between the grandfather and his fourteen-year-old granddaughter, for the reason that she released her hold on the wheel. Can a person be deemed any the less the driver of a car within the meaning of the provision of the policy by simply releasing the wheel to another? I am inclined to take the position that she cannot. I believe that comes within the risk that was not intended to be covered. The very thing which happened here is the thing which naturally would flow from permitting a child of that age to sit in the driver's seat. In any emergency an adult at her side would naturally grasp the wheel and not being in a position in such an emergency to exercise the best judgment or to execute it from lack of ability to control all of the mechanism of the car, frequent accidents are likely to arise which would not arise if a person of such age had not been permitted to occupy the driver's seat. I think it is too narrow a construction of the language used to hold that the person managing the wheel is driving the car. The proper interpretation of the clause in question is that the policy does not cover an accident which has been proximately caused by the driving of a car by a person under the age of sixteen years. It seems to me that the proximate cause of this accident was the driving of the car by a girl of fourteen

years and that the act of the grandfather must be considered as an act set in operation by the primary cause, namely, having permitted a girl of those years to drive the car. His act was merely a continuation of the original act and the accident was the probable consequence of having permitted this girl to drive the car, within the authority of *Lowery* v. *Manhattan R. Co.* (99 N. Y. 158); *Pollett* v. *Long* (56 id. 200).

I favor a reversal and a dismissal of the complaint.

VAN KIRK, J., concurs.

Judgment and order affirmed, with costs.