(Decided 15th February, 1870.)

---

WILLIAM L. BRADLEY *vs.* THE POTOMAC FIRE INSURANCE COMPANY OF BALTIMORE.

*Construction of a Policy of Insurance Against Fire.*

By a policy of insurance dated the 11th of November, 1867, and executed by the company and delivered to the insured on that day, it was declared that the company, in consideration of $160, to be actually paid to it by the insured, within fifteen days from the date of the policy, did insure B against loss or damage by fire to the amount of $4,000 on his property therein described; and in the clause that followed the description of the property, it was set forth that the company promised and agreed to make good unto the insured, his executors, &c., all such immediate loss or damage, not exceeding, &c., as should happen by fire to the property described, during one year, to wit: from the 11th of November, 1867, (at 12 o'clock, at noon,) until the 11th day of November, 1868, (at 12 o'clock at noon,) the said loss or damage to be estimated, &c. By a condition in the policy it was provided that the company should not be held liable under the policy, or under any renewal thereof, until the premium in full therefor was actually paid; and by a further condition it was mutually agreed that if the premium on the policy was not paid within fifteen days from its date, the policy should be null and void; and it was further agreed that the policy was made and accepted in reference to the terms and conditions therein set forth. A portion of the property insured was totally destroyed by fire, and the balance damaged by fire and water, within fifteen days of the execution and delivery of the policy; proper preliminary proof of the loss was furnished to the company. After the fire, and within fifteen days from the date of the policy, the premium was tendered to the company by the insured, but not accepted. An action was brought to recover on the policy. HELD:

Bradley *vs.* Potomac Fire Insurance Company.

That the actual payment of the premium within fifteen days from the date of the policy was a condition precedent to the attaching of the risk, and as the property was destroyed before the tender of payment within the time limited, there was nothing upon which the risk could attach, and the company, therefore, was not liable for the loss.

APPEAL from the Circuit Court for Howard County.

This case, instituted in the Superior Court of Baltimore city, by the appellant against the appellee, upon a policy of insurance issued by the latter to the former, was, upon the application of the appellee, removed to Howard county. The facts of the case are sufficiently set forth in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON and ALVEY, J.

*John H. Thomas* and *William M. Merrick,* for the appellant.

By the express language of the policy a credit of fifteen days was given to the insured for the payment of the premium. His obligation to pay the money was as clear, his insurance as complete, as if he had given and the company had accepted his promissory note for the premium, payable within that time. The consideration was not for money recited *to have been paid,* and proven not to have been, but for money *"to be actually paid to the company."* He could not escape from the obligation to pay it, nor the company from its contract of insurance, made in consideration of this liability on his part. The propriety of this construction is strengthened by the period of time during which the policy was to cover the property insured—one year from its date—from the 11th of November, 1867, to the 11th of November, 1868. The policy was not incomplete; not held for future delivery; not left with any one else as an escrow, to be delivered on a future contingency, but consummated by actual delivery of the company itself. It named, in precise language, when it should begin, and when it should cease to cover the property, in consideration of a sum

to be thereafter paid, within a period equally precise. The construction contended for by the appellee would make the company insure, not for a year, as it agreed to do, but for a shorter time; not from the 11th of November, 1867, as its policy promised, but from some later period, if at all.

All of the provisions, however, requiring actual payment of the premium " to the company," are to be construed in connection with the fifteenth clause of the policy, and with reference to the well known course of insurance business. Insurance, in companies whose office is in a city different from that of the applicant, is generally procured through the agency of a broker. To prevent the applicant from contending that payment to him is payment to the company, the fifteenth clause provides that such broker shall be deemed the agent of the assured, and the other clauses referred to, require " actual payment to the company" before the policy shall take effect. Companies are often obliged, from the necessities of their business, to entrust their own agents in remote cities with blank policies already executed, requiring only the insertion of the name of the assured, the description of the property, and the delivery of the policy to make the insurance complete. This company desired to take from its agents, not from itself, the right to give credit, and sought to require in such cases payment of the premium " to the company," before the policy should take effect. It did not intend to preclude itself from granting a credit, only long enough for the remittance of the money, to one with whose credit the company might itself be satisfied. *Mayor of New York vs. Hamilton Fire Ins. Co.*, 10 *Bosworth, N. Y.*, 537; *Ames vs. New York Union Ins.*, 14 *N. Y.*, 253; *Hoffman vs. Ætna Ins. Co.*, 32 *N. Y.*, 405; *Merrick vs. Germania Ins. Co.*, 54 *Penn.*, 277; *Merchants' Ins. Co. vs. Edwards*, 17 *Grattan*, 138; *Boehen vs. Williamsburg Co.*, 35 *N. Y.*, 131; *Yeaton vs. Fry*, 5 *Cranch*, 335, 341.

The contract of a duly authorized agent, in writing or by parol, to give the assured credit or time for the payment of the premium, is a waiver of the most express provision in a

policy that it shall not take effect until the premium is actually paid. If an authorized agent of the appellee had, by parol, agreed with the appellant that he might have fifteen days for the payment of the premium, and had delivered the policy under that agreement, it would have been a waiver of the proviso in the fourth clause of the policy, and the policy would have attached, notwithstanding. The agreement of the company to give the credit, to be found in the policy itself, is as explicit as that of any agent whose conduct has been held to amount to such a waiver. *Baptist Church vs. Brooklyn Fire Ins. Co.*, 28 *N. Y.*, 153; *Tayloe vs. Merchants' Fire Ins. Co.*, 9 *Howard, U. S.*, 390; *New York Central Ins. Co. vs. National Protection Ins. Co.*, 20 *Barb.*, 189, 468; *Baptist Church vs. Brooklyn Fire Ins.*, 18 *Barb.*, 69, *and* 19 *N. Y.*, 305; *Goit vs. National Protection Ins. Co.*, 25 *Barb.*, 189; *Hallack vs. Commercial Ins. Co.*, 2 *Dutch.*, 268; *Bouton vs. American Mutual Life Ins. Co.*, 25 *Conn.*, 542; *Sheldon vs. Connecticut Mutual Life Ins Co.*, 25 *Conn.*, 207; *Bragdon vs. Appleton Mutual Ins. Co.*, 42 *Maine*, 259; *Boehen vs. Williamsburg City Ins. Co.*, 35 *N. Y.*, 131; *Post vs. Ætna Ins. Co.*, 43 *Barb.*, 351; *Heaton vs. Manhattan Fire Ins. Co.*, 7 *R. I.*, 502; *Commercial Mutual Ins. Co. vs. Union Mutual Ins. Co.*, 19 *Howard*, 318; *Trustees of the Baptist Church vs. Brooklyn Fire Ins. Co.*, 19 *New York*, 306–311; *Sheldon vs. Atlantic Fire and Marine Insurance Company*, 26 *New York*, 461–465, 466.

Delivery of the policy by the *company*, even without express language waiving the payment of the premium, would, of itself, be presumptive evidence of the intent to waive it. When that presumption is aided, as in this case, by language in the policy giving effect to it from its date, naming as a consideration therefor a short and precise period within which the premium shall be paid, the conclusion that every apparently inconsistent proviso was intended to be waived or nullified seems irresistible. *Boehen vs. Williamsburg City Ins. Co.*, 35 *New York*, 131; *Wood vs. Poughkeepsie Ins. Co.*, 32 *New York*, 619, 620.

*William Shepard Bryan,* for the appellee.

A contract was made between the parties by the delivery of the policy. But one of the express stipulations of the contract was, that until the premium was paid, the defendant was not liable.

Before the premium was tendered, the property had been destroyed, and was not, therefore, the subject of insurance.

It cannot be supposed that the fourth condition was waived. To hold that it was waived by delivering the policy, would be equivalent to maintaining that it was not competent to insert the condition in a policy in such manner as to make it a part of the contract. There was no acknowledgment of payment of premium, and nothing was done from which the plaintiff could suppose that it was not intended to insist upon payment according to the terms of the contract.

The true meaning of the contract is, that the defendant's liability was entirely conditional, and the payment of the premium was a necessary condition precedent to the accruing of that liability. *Mulrey vs. Shawmut Ins. Co.,* 4 *Allen,* 116; *Strong vs. Taylor,* 2 *Hill,* 326; *Henning vs. Hoppock,* 15 *N. Y.,* 409; *Tarleton vs. Staniforth,* 5 *Term Rep.,* 695, *affirmed in* 2 *Bos. & Puller; De Wolff vs. Babbitt,* 4 *Mason,* 294; *Deshon vs. Bigelow,* 8 *Gray,* 159; *Haggerty vs. Palmer,* 6 *Johns. Ch. Rep.* 437.

It was in the power of the plaintiff to fix this liability at any time within fifteen days, by payment, provided, always, that the property was then in existence, but, after the fifteen days, it could not be fixed at all, because, by the fifth condition, the policy would then be void. The period of fifteen days was the limit of the conditional liability of the defendant; after the expiration of this time, the condition could not be performed by the plaintiff, and the contract, by reason of its non-performance, would be at an end.

ALVEY, J., delivered the opinion of the Court.

Whether the liability of the appellee under the policy sued on ever attached, is the single question in this case, and that

depends upon the true construction of the policy and its conditions.

The policy is dated the 11th of November, 1867, and by it, it is declared that the appellee, " in consideration of one hundred and sixty dollars, to be actually paid to this company within fifteen days from this date, by the insured hereinafter named, do insure Wm. L. Bradley, against loss or damage by fire, to the amount of four thousand dollars on his property," situate at Roxbury, Mass.; and in the clause that follows the description of the property, it is set forth that the company thereby "promises and agrees to make good unto the said insured, his, &c., all such immediate loss or damage, not exceeding, &c., as shall happen by fire to the property as above specified, during one year, to wit: from the eleventh day of November, one thousand eight hundred and sixty-seven, (at 12 o'clock at noon,) until the eleventh day of November, one thousand eight hundred and sixty-eight, (at 12 o'clock at noon,) the said loss or damage to be estimated," &c.

By the fourth condition of insurance it is provided that the company shall not be held liable under the policy, or under any renewal thereof, *until the premium in full therefor is actually paid;* and by the fifth condition it was mutually agreed that if the premium on the policy was not paid within fifteen days as therein provided, the policy should be *null and void;* and it was further agreed that the policy was *made and accepted* in reference to the terms and conditions therein set forth.

At the trial below it was admitted that the policy sued on had been executed by the appellee and delivered to the appellant, on the day of its date, and that the proper preliminary proof had been furnished the company of the loss, and that $160, the premium mentioned in the policy had been tendered to the appellee by the appellant after the fire, and within fifteen days after the execution of the policy.

The Court below ruled against the right of the appellant to recover on the policy, and to that ruling he excepted.

On the part of the appellant it is contended that the lia-
bility of the appellee attached from the date of the policy,
and that the fifteen days given within which to pay the pre-
mium, was simply a credit extended to him, not at all in-
tended to affect the risk, provided the premium was paid or
tendered within that time; while on the part of the appellee
it is contended that the actual payment of the premium,
within the fifteen days, was a condition precedent to the
attaching of the risk, and that, as the property was destroyed
before the tender of payment within the time limited, there
was nothing upon which the risk could attach, and therefore
there is no liability for the loss; and this latter construction
was the one adopted by the Court below.

The question would seem to be a plain one; and the only
thing that affords the slightest ground for the construction
contended for by the appellant, is the stipulation on the part
of the company to insure the property against loss by fire, for
the period of one year, reckoning that period from the date of
the policy.

But though such be the stipulation, it was certainly com-
petent to the parties to agree that it should be subject to the
conditions that followed; and one of those conditions was that
the company should not be held liable under the policy until
the premium in full was actually paid. Until that was done,
the policy, though issued and delivered to the appellant, was,
in respect to the obligation under it, merely inchoate, depend-
ing for its binding effect upon a condition to be performed by
the appellant. By the performance of that condition at any
time within the fifteen days, and before loss occurred, the risk
engaged to be assumed by the appellee would, *eo instanti*, have
attached; but until such condition performed, the appellant
held the policy at his own peril; and, upon loss occuring, no
tender afterwards made, though within the time allowed for
payment, can, upon any fair construction, be taken as a com-
pliance with the condition. For it never could have been
the intention of the appellee to assume the risk before the

payment of the premium, and to give the appellant the option to pay or not within the fifteen days as events might determine him to elect. If he had paid within the fifteen days, and before loss occurred, the appellee would have been bound to receive the premium and assume the risk; but, on failure to pay within the time, it was agreed by the fifth condition, that the policy should thenceforth be null and void, and, of course, being null and void, would be no longer binding on the appellee even as a proposal to insure. The policy being thus, by mutual agreement, declared null and void, in the event of non-payment within the time limited, it is clear, there could be no legal responsibility on the part of the appellant for the amount of the premium; and that being so, there is no reason or justice in holding the appellee alone bound on the contract for the fifteen days, while the appellant was free to elect to be bound or not, as circumstances might dictate. In so construing the policy as to bind the appellee from its date, without reference to the payment of the premium before loss, there would be no mutuality in the contract; and it is manifest that it was for the very purpose of preserving mutuality, and protecting the appellee from risk without consideration actually received, that the fourth and fifth conditions were inserted in the policy. Without such purpose in view they would be useless and unmeaning.

The cases cited and mainly relied on by the appellant have no application to this case. They were instances in which the insurers were held to have waived the right to receive the premium as a condition upon which the risk was to attach, upon the ground that the assured would have been otherwise misled and deceived. But such is not this case. Here the question is simply one of construction, depending on the terms of the contract between the parties; there being no pretense on the part of the appellant that he was deceived or misled by the conduct of the appellee. The only circumstance alluded to in argument, as at all justifying the notion of waiver, was the delivery of the policy to the appellant; but it

must be recollected that, by express stipulation, the policy was *made and accepted* in reference to the terms and conditions contained in it.

Agreeing as we do with the Court below in its construction of the policy, its judgment will be affirmed.

*Judgment affirmed.*

(Decided 15th February, 1870.)