THE AMERICAN LIFE INSURANCE COMPANY, plaintiff in error, *vs.* FATIMA GREEN *et al.*, defendants in error.

1. A policy of life insurance provided that "acceptance of the premium due on this policy by the company or its agents, after the day upon which it is due, must be considered as act of grace or courtesy, and in nowise as forming a precedent for future payment, or a waiver of the forfeiture of the policy according to the conditions therein expressed, if any future payment of premium be omitted on the day it falls due. Agents of the company are in no case authorized to make, alter, or discharge contracts, or waive forfeiture:"

*Held,* that an acceptance of a premium overdue, by the general agent of the company, was a waiver of forfeiture for that time, the insured being in good health at the date of the payment.

2. Where the policy provided that no receipt for premiums, after the first, should be valid without the seal of the company, a receipt from the agent without such seal was inadmissible in evidence to bind the company; but the payment of the premium could be proved *aliunde.*

3. If, at a certain stage of the proceedings, a non-suit was erroneously refused, and afterwards plaintiff introduced other evidence sufficient to warrant a verdict in his favor, the failure to award the non-suit was not a sufficient ground for a new trial.

Principal and agent. Waiver. Insurance. Evidence. Non-suit. Practice in the Superior Court. Before Judge TOMPKINS. Chatham Superior Court. November Term, 1875.

Reported in the decision.

WILLIAM D. HARDEN, for plaintiff in error.

W. U. GARRARD, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant on a life insurance policy, dated the 16th of July, 1870, alleging that the defendant insured the life of Domine Green in the sum of $2,000 00; that Green died on the 30th of December, 1872, and that defendant is indebted to them the said sum of $2,000 00.

On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiffs for the amount of the policy. The defendant made a motion for a new trial on the several grounds therein stated, which was overruled by the court, and the defendant excepted.

The policy had in it the usual stipulation, "that in case the said premiums are not paid as hereinbefore mentioned, on or before twelve o'clock (noon,) on the several days specified and appointed for the payment of the same, then this policy shall be void, and of no effect, and all payments made shall be forfeited to the company," and contained conditions, of which the following only are material to be now considered: "Policies expire at noon on the last day of the period for which payment has been made." "Agents are not authorized to make contracts for the company, nor to write upon the policy except his signature, when necessary, to the first receipt of premium (see condition number five,) nor to waive forfeiture of the same." Condition number five: "Receipts for premiums, excepting the first (to be found on the face of this policy,) will invariably be given on a separate paper, and will not be valid without the seal of the company."

"Acceptance of the premium due on this policy by the company or its agents, after the day upon which it is due, must be considered as act of grace or courtesy, and in nowise to be construed as forming a precedent for future payment, or a waiver of the forfeiture of the policy according to the conditions therein expressed, if any future payment or premium be

omitted on the day it falls due.    Agents of the company are in no case authorized to make, alter, or discharge contracts, or waive forfeiture."

It appears from the evidence in the record that Green died December 30th, 1872, of pneumonia, after ten days' sickness. That up to the time of his last sickness he was in good health. It also appears from the evidence that Shafer was the general agent of the defendant at Savannah, that the premium, for the non-payment of which it was claimed the policy had been forfeited, became due on the 16th of July, 1872.    On the 22d of August thereafter, Shafer wrote to Green, the insured, "that his renewal premium of $47 70 was due last month. I trust you will call at my office and settle the amount at once.    If you do not, I will be compelled to return the same to the home office for cancellation."    This letter was received by Green, who appears to have been a person of color.    The plaintiffs read in evidence two receipts, over the defendant's objections, as follows:

"SAVANNAH, GA., 28th August, 1872.
"Received of Domine Green $35 00 on account.
                                  "L. M. SHAFER."

"Received, Savannah, October 30th, 1872, of Domine Green, the sum of $12 70, on renewal of premium number twenty-five thousand five hundred and sixty-two.
                          "L. M. SHAFER, General Agent."

The plaintiffs also proved by Shafer that he was the general agent of defendant; that as such agent he received from Green, the insured, $47 70, the amount of the unpaid premium, in two installments, in the fall of 1872, and that Green was apparently in good health at the time he paid the money, and that he frequently received past due premiums from persons of whose health he was assured, and gave the company's receipt for the money.    Said renewal receipt was returned to the company in December, 1872; just before the death of Green, but does not know how long before, tendered

the money back to him. There was a good deal of other evidence introduced, including the correspondence between Shafer and the defendant, but the material facts on which our judgment is based have been already recited.

1. There can be no doubt that if the defendant had chosen to have considered the policy as forfeited on the non-payment of the premium on the 16th of July, 1872, it was its clear legal right to have done so, but its general agent, acting for it, either from courtesy, or for its supposed interest, accepted the premium after the day upon which it was due, and for the doing of which he had the defendant's implied assent, the insured being in good health at the time. It is true the agent had no authority to make, alter, or discharge the contract, or to waive the forfeiture thereof, nor does it appear that he attempted to do so. Under the implied authority contained in the policy, he did accept the premium from the insured one time, after the day upon which it became due. The payment of the premium by the insured to the defendant's general agent, was payment to it, and after receiving the money of the assured for the premium, the law will not allow it to treat the policy as forfeited for the non-payment of that premium, although the agent may not have made any contract or agreement to waive the forfeiture of the policy; good faith and fair dealing forbid that the defendant should receive the premium from the insured, by its authorized agent, and then treat the policy as forfeited for the non-payment of that premium, in case of the death of the insured: Bliss on Life Insurance, section 189; Insurance Company *vs.* Wilkinson, 13 Wallace Reports, 222.

2, 3. By the terms of the contract receipts for premiums, except the first, were not valid without the seal of the company. The receipts of Shafer offered in evidence, did not have the seal of the company thereon, and therefore were inadmissible in evidence against the defendant for the purpose for which they were offered, and the non-suit, as the case then stood when the motion therefor was made, should have been granted. But after the motion for a non-suit was overruled, the plain-

tiffs introduced other evidence of the payment of the premium by the insured, and upon that evidence being introduced, the overruling the motion for a non-suit was not a sufficient ground for a new trial: *Hanson vs. Crawley,* 51 *Georgia Reports,* 529. The insured might have required that the receipt given to him for the premium by the defendant's agent should have had the seal of the company thereon, but that was a matter which he could have waived if he had thought proper to do so, and which it appears that he did waive by not requiring it: Code, section 10. The only significance in not having the seal of the company to his receipts, was, that he could not use them as evidence against the defendant to prove that the premium had been paid, but that did not prevent him from proving that fact by other competent evidence, the contract being that *receipts* for premiums should not be valid evidence against the company without the company's seal thereon.

4. Whether the defendant's agent tendered back the premium money to the insured, or whether the other pretexts set up by the defendant to defeat the payment of the policy as relates to the acts and conduct of the insured, be true or not, the insured being dead, the credit to which the respective witnesses were entitled, were all questions for the jury to decide.

In view of the special facts of this case as disclosed in the record, we find no error in overruling the motion for a new trial.

Let the judgment of the court below be affirmed.