BALL & SAGE WAGON CO. *v.* AURORA FIRE & MARINE INS. CO.

(*Circuit Court, D. Indiana.* February 19, 1884.)

1. AUTHORITY OF FIRE INSURANCE AGENTS—POWER TO WAIVE PAYMENT OF PRE-
MIUM.
     Where the authority of agents of a fire insurance company consists of full
     power to receive proposals for insurance, to receive moneys, and to counter-
     sign, issue, and renew policies, subject to such rules and regulations as may be
     adopted by the company, and such instructions as may, from time to time, be
     given by the management, they have authority to waive the immediate pay-
     ment of premiums.
2. FIRE INSURANCE—EVIDENCE OF WAIVER OF PAYMENT OF PREMIUM.
     Evidence considered, and *held* that the acts of insurance agents amounted to
     a waiver of the immediate payment of a premium on a policy.
3. FIRE INSURANCE COMPANY—WAIVER OF IMMEDIATE PROOF OF LOSS.
     Where an insurance company asserts that a policy has been canceled previ-
     ous to a fire, it waives all right to insist that the policy has been forfeited be-
     cause the proofs of loss came too late.

Jury Waived, and Trial by Court.

*Baker & Mitchell,* for complainants.

*Duncan, Smith & Wilson,* for defendants.

WOODS, J. The action is upon a policy of fire insurance. The
defenses pleaded are—*First,* that, by reason of non-payment of the
premium, the policy had never been in force; *second,* that the policy
had been canceled before the loss occurred; and, *third,* that the as-
sured had forfeited all right of recovery by failure to give notice to
the company, and to make proof of the loss, as required by a condi-
tion of the policy.

The plaintiff, a corporation at Elkhart, Indiana, authorized Defrees
& Meader, of Goshen, to procure a stated amount of insurance on
the property of the company. Defrees & Meader applied for the in-
surance to Grubb, Paxton & Co., of Indianapolis, who were then
agents of the defendant, a corporation located at Cincinnati, Ohio,
for Indiana north of the Ohio & Mississippi Railroad. On the ninth
day of May, 1881, Grubb, Paxton & Co. prepared and sent by mail
to Defrees & Meader, for the plaintiff, three policies, (of as many dif-
ferent companies,) including that sued upon. By its terms, this
policy was made to take effect at noon of May 9th, the date of the
policy. It was received by Defrees & Meader in due course of mail,
but, on account of the premium charged being less than the estab-
lished local rate at Elkhart, they returned it, with the other policies,
to Grubb, Paxton & Co., with a request that corrected policies of the
same date be sent instead. The same policies were corrected by
Grubb, Paxton & Co. in respect to the charges of premium, and, with-
out other change, remailed on May 12th to Defrees & Meader, who
received and delivered them on or before May 17th to the treasurer
of the plaintiff, and received of him the premium named. In their
letter of May 9th, with which the policies were first sent, Grubb,

Paxton & Co., after naming the respective policies and their amounts, one each being in the Aurora, Indiana, and Home, say to Defrees & Meader: "To your credit 15 per cent. on Aurora and Indiana; 12½ per cent. on Home policy." On May 13th, upon receipt of a memorandum showing the issue of this policy, the defendant, by its secretary at Cincinnati, notified Grubb, Paxton & Co. to cancel the policy immediately; but, instead of obedience, and without notifying the plaintiff or Defrees & Meader of this order, they wrote to Defrees & Meader for "printed forms, Ball & Sage Wagon Co.'s paper-mill;" their intention being to place an equal amount of insurance upon the property in another company, before canceling the policy in suit. On the 17th, Defrees & Meader answered, sending blanks as requested, and asking the placing of $2,000 more insurance on the property, in some good company. On the 19th, Grubb, Paxton & Co. replied, promising to forward a policy for $2,000 more on the paper mill, either by to-morrow or day after. On May 20th, the property insured burned, and on the 23d, Defrees & Meader, acting for the plaintiff, wrote Grubb, Paxton & Co. to the effect that a total loss had occurred, naming the policies and amount of each, including the one in suit, and on the same day sent them a telegram asking if they had placed insurance on the paper-mill, and if so, when and in what company. This had reference to the additional insurance which had been applied for. On the same day, May 23d, Grubb, Paxton & Co. wrote to Defrees & Meader, saying:

· "Herewith find policy No. ---, Atlas Ins. Co. $2,000, Ball & Sage Wagon Co. The Aurora Insurance Co. ordered their policy canceled about a week ago, and we have put said amount, $1,500, in Rochester German Ins. Co. Please advise if the mill which burned at Elkhart is this mill we just insured, (Ball & Sage.) If so, we want you to consider Aurora policy canceled, and hold the Rochester German liable for it. We have policy in office here. The reason why we held Rochester German policy here is because we did not wish to trouble you more than we could possibly help in exchanging policies, and first wished to find if the R. G. policy would stick.     Very truly," etc.

On May 24th they telegraphed Defrees & Meader:

"Has that mill burned? Return the canceled policies. Answer."

To this, on the same day, Defrees & Meader answered:

"Yes, totally. Answer our telegram."

And to this Grubb, Paxton & Co. replied by telegraph also:

"We have placed only Indiana, Home, and Atlas. You had notice of cancellation of Aurora and Rochester German. Return these two policies at once. You have our letter. Deliver no policies now to parties."

On the 25th they wrote Defrees & Meader, saying:

"We are sorry you did not answer the requirements of the business (if you had delivered the Indiana and Home policies to the assured) by giving notice at once of the fire. You will please return the Aurora policy and the Atlas, as they are plainly not in force,—the one being canceled on the thirteenth inst., the other written on the 23d. Please do this promptly, as you cannot help but acknowledge the justice of this."

This Defrees & Meader answered on the 26th, exonerating themselves of all blame; and on the 28th wrote again, inclosing a draft for $75.01, stated to be "in full of our account with you for insurance in Indiana, Home, and Aurora, as per statement appended." To this Grubb, Paxton & Co. replied by letter of the 30th, saying:

"Your favor of twenty-eighth inst. received, inclosing check in payment of premium on paper-mill, $75.01 net. We will endeavor to get the matter straightened up; will write the Rochester German and Aurora the facts, and let you know, so as to get proofs made right, if we can get it settled between the two companies. We used our best efforts to get the line placed."

And on June 4th again wrote, saying:

"We return to you herewith the premium (you included in your remittance of balance due us) for Aurora policy, canceled, as we wrote you. Find inclosed $31.88. The policies we placed are the Home and Indiana. Please return the Aurora policy as requested. We, as brokers, use our best efforts to place lines for our customers, but cannot bind longer than until such time as they can accept or decline."

This was sent as a registered letter. On June 8th, Defrees & Meader answered by a registered letter, in which they returned the letter of Grubb, Paxton & Co. unopened. This letter Grubb, Paxton & Co. refused to take from the post-office, where it lay until August, when it was returned to Defrees & Meader, at Goshen, where they held it unopened at the time when this action was commenced in the Elkhart circuit court, and continued to hold it until on the hearing it was produced in this court, and by order of the court opened, and the money delivered to the clerk of this court for final disposition, according to the order of the court. Neither the defendant nor its agents, Grubb, Paxton & Co., ever gave notice to or made any request of the plaintiff to furnish proof of loss, in accordance with the suggestion or promise contained in the letter of May 30th.

On September 4, 1881, before the commencement of this action, the plaintiff sent to the defendant at Cincinnati proof of the loss, to which no objection is or has been made, except that it came too late. In respect to proof of loss the policy provides that—

"Persons having a claim under this policy shall give notice to the company immediately after the fire, and, as soon as possible, render a particular account and proof thereof," etc.

This policy also contains the following:

"It is further agreed that, if this policy has been procured by any person or persons other than the duly appointed and authorized agent of this company, such person or persons shall be deemed to be the agent of the assured, and this company shall not be liable, by virtue of this policy, or any renewal thereof, until the premium therefor be actually paid to the company."

The authority of Grubb, Paxton & Co., as agents of this company within their territory, is shown to have been—

"Full power to receive proposals for insurance, to receive moneys, and to countersign, issue, and renew policies of insurance of the company, subject to such rules and regulations as are or may be adopted by the company, and

such instructions as may from time to time be given by the manager of the company at Cincinnati."

In respect to the defense of cancellation, counsel for the defendant admit that there is a failure of proof, but strenuously insist that the policy never became operative, because the premium had not been paid to the company before the fire; that there was in fact no waiver of this payment by the company, or by their agents, Grubb, Paxton & Co., and that if the agents did intend a waiver they had no power to bind the company thereby; that the provision quoted from the policy constituted a restriction upon the power of all agents, whether general or special, of which the receiver of the policy was bound to take notice; that this restriction was a part of the agreement, which could not be effected by any contemporary parol agreements or understandings, especially when had with an agent only of the company. In support of this view, counsel cite the following authorities: *Com. Mut. M. Ins. Co.* v. *Union Mut. Co.* 19 How. 318; *Grace* v. *Amer. Cent. Ins. Co.* (U. S. Sup. Ct.) 17 Reporter, 1; S. C. 3 Sup. Ct. Rep. 207; *Thompson* v. *Ins. Co.* 104 U. S. 252; *Ins. Cos.* v. *Wright,* 1 Wall. 456; *Partridge* v. *Ins. Co.* 15 Wall. 573; *Bush* v. *Ins. Co.* 63 N. Y. 531; *Merserau* v. *Ins. Co.* 66 N. Y. 274; *Bradley* v. *Potomac Ins. Co.* 32 Md. 108; *Catoir* v. *Amer. Ins. Co.* 33 N. J. Law, 487; *Western Assurance, etc.,* v. *P. Ins. Co.* 5 U. C. App. Rep. 190; *Buffum* v. *Fayette Ins. Co.* 3 Allen, 360; *Bouton* v. *Amer. Ins. Co.* 25 Conn. 542; *Security Ins. Co.* v. *Fay,* 22 Mich. 467; *Ins. Co.* v. *Norton,* 96 U. S. 234; *Bennecke* v. *Ins. Co.* 105 U. S. 355; 30 Eng. Rep. 816.

Counsel for the plaintiff contend that the power of the agent to issue the policy included the power to fix the time when the insurance should begin and end; that this was done in this instance by writing in the blank spaces left in the printed forms provided by the company, the words and figures, "9—May;" that, when there is inconsistency between written parts of an instrument and printed parts, the former must prevail; that the delivery of the policy in this shape, and the subsequent conduct of Grubb, Paxton & Co., showed clearly an intent on their part to give Defrees & Meader a short credit for the premium, and that the policy should take immediate effect; and that this, in law as well as in fact, constituted a waiver of the stipulation for payment before the policy should be in force. In support of this view the following authorities are cited: *Miller* v. *Life Ins. Co.* 12 Wall. 303; *Sheldon* v. *Atlantic Ins. Co.* 26 N. Y. 460; *Wood* v. *Poughkeepsie Ins. Co.* 32 N. Y. 619; *Boehen* v. *Williamsburgh Ins. Co.* 35 N. Y. 131; *Bowman* v. *Ins. Co.* 59 N. Y. 521; *Marcus* v. *Ins. Co.* 68 N. Y. 625; *Goodwin* v. *Ins. Co.* 73 N. Y. 480, 491; *Bouton* v. *Amer. Ins. Co.* 25 Conn. 542; *Behler* v. *German Ins. Co.* 68 Ind. 350; May, Ins. p. 434, § 136.

Without entering upon a review of the authorities, it is enough to say here that in the judgment of the court the agents of the company

who issued the policy in suit had authority to waive the immediate payment of the premium; and that they did so in this instance is, in the light of the evidence, too clear for reasonable dispute.

In respect to the proofs of loss it is probably true, as claimed by counsel for the plaintiff, that, by asserting a cancellation of the policy, the defendant waived the right to insist upon these proofs. *Portsmouth Ins. Co.* v. *Reynolds*, 32 Grat. 613; *Allegre* v. *Maryland Ins. Co.* 6 Har. & J. 408; *Graves* v. *Ins. Co.* 12 Allen, 391; *Nor. & N. Y. Transp. Co.* v. *Ins. Co.* 34 Conn. 561; *Girard Co.* v. *Ins. Co. of N. Y.* 97 Pa. St. 15; *Bennett* v. *Ins. Co.* 14 Blatchf. 422; 9 How. (U. S.) 196; May, Ins. § 469. But whether there was, in this case, a complete waiver or not, it is quite clear, under the circumstances in proof, that the plaintiff should be held to be excused for the neglect, if neglect it was, to forward the proofs sooner.

Other points have been suggested in behalf of the defense, but if good in law they have no sufficient support in the evidence. There is due the plaintiff $1,730, for which let judgment go.